UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CITY BANK, N.A. and THE PNC FINANCIAL SERVICES GROUP, INC., <br><br>  Plaintiffs, <br><br>  vs. <br><br> PRIME LENDING, INC.; RONALD D. THOMAS and JOHN DOES 1-20, <br><br>  Defendants. | CV-10-034-EFS <br><br> **PROTECTIVE ORDER** |

On April 16, 2010, the parties filed a Stipulation and [Proposed] Protective Order (Ct. Rec. 101). Based on the parties stipulation, the following Protected Order is **HEREBY ENTERED**:

1.  Any material exchanged or obtained in discovery shall be used by the receiving party solely for the prosecution and/or defense of the lawsuit and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purpose, including without limitation, any competitive or business purpose. Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Order.

2.  Any party may designate the information it produces as "CONFIDENTIAL" if it believes, in its good faith judgment, that the

Order 1-

1  material contains confidential, sensitive or proprietary
2  information that falls within the foregoing description of
3  CONFIDENTIAL MATERIALS.  The party shall make this designation by
4  placing on every document or other material containing such
5  information the legend "CONFIDENTIAL" prior to providing such
6  document or other material or, if such method of designation is not
7  feasible by providing other written notice of such designation.
8     3.  In the case of depositions, designation of the portion of
9  the transcript, including exhibits, which contains "Confidential"
10 information shall be made by a statement to such effect on the
11 record in the course of the deposition.  All copies of deposition
12 transcripts that contain material designated as "CONFIDENTIAL"
13 shall be prominently marked "CONFIDENTIAL" on the cover thereof
14 and, if and when filed with the Clerk, the portions of such
15 transcript designated "CONFIDENTIAL" shall be filed under seal.
16    4.  If, at any time, a party disagrees with the designation
17 of a document or other information as "Confidential" and protected
18 by this Order, the parties must first attempt to resolve the
19 dispute by conferring pursuant to Rule 26.  Failure to challenge a
20 "Confidential" designation shall not constitute an admission that
21 such designation is appropriate.  If the dispute is not resolved
22 through the conference process , then the designator will have
23 fourteen (14) days to move the Court for protection .  As provided
24 in Rule 26(c), the burden of establishing that any information or
25 material should be designated and treated as "Confidential" shall
26 be on the party seeking to uphold the designation.  Any disputed
27 document or information will be treated as protected under this
28

Order 2-

Order unless and until the Court enters an order otherwise, or until the time period for seeking such a ruling expires.

    5.   Under no circumstances, other than those specifically provided for in this AGREEMENT or subsequent agreement or a court order or with the explicit consent in writing of the producing party with respect to specifically identified CONFIDENTIAL MATERIALS, shall CONFIDENTIAL MATERIALS or their contents in any way whatsoever be revealed, published, disclosed or otherwise made known to persons other than the following:

    a.   the parties to this action;

    b.   inside and outside counsel for the parties, as well as their employees assisting with this action;

    c.   Outside photocopying, data processing, graphic production services or other vendors retained by counsel for a Party to assist in this litigation;

    d.   experts or consultants retained in good faith to assist counsel in this litigation, but only upon the prior execution of an agreement to be bound by this AGREEMENT in the form attached hereto as Appendix A;

    e.   court reporters who record testimony taken in the course of this litigation,

    f.   the Court, pursuant to paragraph 9 of this AGREEMENT;

    g.   any deponent or witness to whom counsel for a Party determines in the exercise of judgment reasonably exercised disclosure is necessary for the prosecution or defense of this litigation, including preparation for deposition or other testimony, provided that prior to disclosure such

deponent agrees, in writing to be bound by the terms of this Order.

6. Any deposition or portion thereof during which Information designated as "Confidential" is being disclosed by any party shall be taken as if in camera without any persons in attendance other than the deposition witness, and those identified in paragraph 4 (for "Confidential" Information). The court reporter shall be provided with a copy of this Stipulated Confidentiality Agreement and Protective Order.

7. Each person given access to the CONFIDENTIAL MATERIALS pursuant to paragraph 4 of this AGREEMENT shall be advised by counsel for the party giving access that the material or information is subject to the terms of this AGREEMENT and may not be disclosed other than pursuant to the terms thereof.

8. Prior to disclosure of the CONFIDENTIAL MATERIALS to the parties in this action, counsel for the party seeking to make such disclosure shall provide to its client(s) a copy of this AGREEMENT and explain the terms and conditions thereof.

9. Prior to disclosure of CONFIDENTIAL MATERIALS to any of the persons described in paragraph 4.c, d, and g. of this AGREEMENT, such persons shall first:

   a. read this AGREEMENT; and
   b. sign a copy of the Confidentiality Agreement attached hereto as Appendix A and thereby become subject to this AGREEMENT. Copies of the signed Confidentiality Agreement are to be retained by counsel for the party making the disclosure.

Order 4-

1  In addition, upon request, but no later than thirty (30) days
2  following a final resolution of this action, persons described in
3  paragraph 4.c, d and g. of this AGREEMENT must promptly return all
4  CONFIDENTIAL MATERIALS to the producing party.

5      10.  In the event that counsel for any party files with this
6  Court any CONFIDENTIAL MATERIALS or any papers containing or making
7  reference to such material or information, such documents, or the
8  portions of them that contain CONFIDENTIAL MATERIALS, shall be
9  filed in a sealed envelope on which substantially the following
10 statement shall be endorsed:

**FILED UNDER SEAL**
**CONFIDENTIAL**

**This envelope contains documents that are subject to a Stipulated Agreement Governing Confidential Material entered in this action.**

16     11.  All such material so filed shall be maintained by the
17 Clerk of the Court separate from the public records in this action
18 and shall be released only upon Order of the Court.

19     12.  Entering into, agreeing to and/or producing or receiving
20 materials or otherwise complying with the terms of this AGREEMENT
21 shall not:

22     a.    prejudice in any way the rights of a party to object
23     to the future production of documents it considers not
24     subject to discovery;

25     b.    prejudice in any way the rights of a party to
26     attempt to introduce into evidence the CONFIDENTIAL
27     MATERIALS, subject to any and all objections made thereto;

28     c.    prejudice in any way the rights of a party to apply

Order 5-

   to the Court for a protective order or an in camera inspection relating to any CONFIDENTIAL MATERIALS or other discovery materials; or

  d. prejudice in any way the rights of a party to apply to the Court at any time for an order removing a party's confidential designation.

13. This AGREEMENT has no effect upon, and its scope shall not extend to, a party's use of its own CONFIDENTIAL MATERIALS.

14. Counsel for the parties will maintain, for in camera inspection by the Court, copies of all Confidentiality Agreements signed pursuant to the provisions of this AGREEMENT.

15. The inadvertent production of CONFIDENTIAL MATERIALS subject to the attorney-client, work-product or other privilege or doctrine shall not waive any such privilege or doctrine. In addition, the fact that privileged CONFIDENTIAL MATERIALS were inadvertently produced shall not be used in any manner to support a claim of waiver.  Upon receiving notice from a party that privileged or otherwise protected CONFIDENTIAL MATERIALS have been inadvertently produced, any person or entity receiving such CONFIDENTIAL MATERIALS shall return them and all copies, and all documents or other material containing all or any portion of information contained in or derived from such CONFIDENTIAL MATERIALS shall be destroyed, within seven (7) business days to the producing party, unless the receiving party intends to challenge the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.  If the receiving party intends to challenge the producing party's claim(s) the receiving party nevertheless shall treat the CONFIDENTIAL MATERIALS as

confidential, subject to this Order, and may not use the CONFIDENTIAL MATERIALS for any purpose other than making a motion to the Court that challenges the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.

16. The inadvertent failure by a Party to designate CONFIDENTIAL MATERIALS as CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party within seven (7) business days from when the failure to designate first became known to the producing party. The party receiving CONFIDENTIAL MATERIALS that the producing party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such information before the receiving party is informed of the inadvertent failure to designate pursuant to this Paragraph. Upon receipt of such notice, the receiving party shall immediately take reasonable steps to ensure that any CONFIDENTIAL MATERIALS disclosed to persons or entities not authorized to receive it pursuant to this Order, and all copies thereof, are retrieved and secured as required by this Order, and that the unauthorized persons or entities provided with such CONFIDENTIAL MATERIALS agree, in writing, to be bound by the provisions of this Order.

17. In the event additional parties to this litigation desire to have access to the CONFIDENTIAL MATERIALS, neither such parties or their counsel or their experts or consultants retained to assist said counsel shall have access to the CONFIDENTIAL MATERIALS until said party or their counsel has executed and filed with the Court a copy of this AGREEMENT, and has served a copy of same on all counsel of record.

Order 7-

18. After the termination of this proceeding, this AGREEMENT shall continue to be binding upon the parties hereto and their successors and assigns, and upon all persons to whom the CONFIDENTIAL MATERIALS has been disclosed or communicated and the parties hereto agree that the Court shall retain jurisdiction over the parties for enforcement of its provisions.

19. Upon conclusion of this litigation, all the CONFIDENTIAL MATERIALS and all copies thereof (including copies provided to testifying or consulting experts) shall either be destroyed or returned to the producing party along with an affidavit of counsel indicating that counsel has made a good faith effort to destroy or return all such CONFIDENTAL MATERIALS, and believes in good faith that all such copies have been destroyed or returned.

20. If any party (or their counsel) to this action receives a subpoena or other compulsory process demanding information, documents or materials considered "CONFIDENTIAL" pursuant to this AGREEMENT, the party or counsel receiving the subpoena or other compulsory process shall give written notice of the subpoena or other compulsory process to counsel for the producing party at least 14 days prior to the return date, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person by facsimile as soon as possible but in no event later than 72 hours prior to the return date.

21. Absent notification in writing that the producing party has taken (or intends to take) action to protect the confidentiality of the requested information, document or material, the party or counsel subject to the subpoena or other compulsory

process may produce the requested information, document or material on the return date provided it makes clear that such information, documents and material were provided with the understanding that they would be maintained confidentially pursuant to this AGREEMENT.

22.  The failure of either party to enforce any provision or provisions of this AGREEMENT shall not be in any way construed as a waiver of any such provision or provisions, nor prevent that party from thereafter enforcing each and every other provision of this AGREEMENT.

23. The parties' Joint Motion for Protective Order **(Ct. Rec. 101)** is **GRANTED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and distribute copies to counsel.

ORDERED this ___20th___ day of April 2010.

                         s/Edward F. Shea
                        EDWARD F. SHEA
                 United States District Judge

Q:\Civil\2010\34.protect.wpd

Order 9-