PATRICK J. KIRBY, WSBA #24097
PATRICK J. KIRBY, ATTORNEY AT LAW, PLLC
421 W. Riverside Drive, Suite 802
Spokane, Washington 99201
Telephone: (509) 835-1200
Facsimile: (509) 835-1234

ERIK H. THORLEIFSON, WSBA #41990
CAMPBELL, BISSELL & KIRBY, PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201
Telephone: (509) 455-7100
Facsimile: (509) 455-7111

Attorneys for Defendant Ronald D. Thomas

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CITY BANK, N.A.; and THE PNC FINANCIAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PRIME LENDING, INC.; RONALD D. THOMAS; and JOHN DOES 1 – 20; <br><br> Defendants. | No. CV-10-034-EFS <br><br> **DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT** |

## I. INTRODUCTION

Defendant Ronald D. Thomas ("Mr. Thomas"), by and through his attorney Patrick J. Kirby, submits the following Response Memorandum in

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 1

PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

Opposition to the Motion to Alter or Amend the Judgment filed by the Plaintiffs National City Bank, N.A. ("National City") and PNC Financial Services Group, Inc. ("PNC").

Plaintiffs' new counsel seeks to have this Court reverse its Order denying preliminary injunction. Plaintiffs contend that by operation of *Ohio Revised Code* §1701.82(A)(3), the restrictive covenants between National City and Ron Thomas became an asset of PNC as a result of the merger with National City. Plaintiffs agree that for purposes of this Motion, Ohio law governs this issue. There is no basis in Ohio law or fact to grant Plaintiffs' motion, and substitution of counsel by Plaintiffs can change neither.

## II. THE FACTS IN THE RECORD SUPPORT DENIAL OF A PRELIMINARY INJUNCTION.

National City drafted the restrictive covenants in the Restricted Stock Agreement (RSA) and the Branch Manger Compensation Agreement (BMC) ("Agreements"), which Mr. Thomas later signed without reading, when he was a branch manager for National City. Both Agreements provide that Ohio law governs. Later, there was a change of ownership of National City by way of merger with PNC. PNC's takeover of National City dramatically changed Mr. Thomas' job duties and income.

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 2

PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

After Mr. Thomas resigned, PNC closed its doors in Spokane and discarded the National City brand. There is no evidence that Mr. Thomas solicited a single National City customer after resigning from PNC.

## III. ARGUMENT AND AUTHORITY

### A. OHIO LAW DOES NOT AUTOMATICALLY ALLOW ENFORCEMENT OF RESTRICTIVE COVENANTS AFTER A MERGER.

Ohio courts have squarely rejected the arguments made by Plaintiffs' new counsel, which are the same arguments made by their predecessors. "Ohio law does not treat non-compete agreements like any other contract." *Fitness Experience, Inc. v. TFC Fitness Equipment, Inc.*, 355 F. Supp.2d 877, 888 (N.D. Ohio 2004). "Even if the language of the contract contemplates assignment, Ohio courts have further restricted the assignment of non-compete agreements, consistent with *Rogers*,[1] to situations where 'no additional burdens are placed on the employee as a result of the change.'" *Id.* at 890, n. 26 (citing *C.A. Litzler Co. v. Libby*, No. CA-8512, 1991 Ohio App. LEXIS 3982 (Ohio Ct. App. Aug. 12, 1991)). In *C.A. Litzler*, a merger case, the court held:

> R.C. 1701.82(A)(3) provides that when a merger or consolidation becomes effective, the new corporation possesses all assets, property, rights, privileges, immunities, powers, franchises, and authority of each of constituent corporations

---

[1] *Rogers v. Runfola & Assoc., Inc.*, 565 N.E.2d 540 (Ohio 1991)

DEFENDANT THOMAS' RESPONSE
MEMORANDUM IN OPPOSITION TO
MOTION TO ALTER OR AMEND THE
JUDGMENT - 3

PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

> without further act or deed. *A restrictive covenant is properly assigned where only the legal structure of the business has changed and no additional burdens are placed on the employee as a result of the change.*

*C.A. Litzler*, 1991 Ohio App. LEXIS 3982 at *7 (citing *Rogers*, 565 N.E.2d at 543) (emphasis added).

The *Fitness Experience, Inc.* court also relied upon *Cary Corp. v. Linder*, 2002 Ohio 6483, No. 80589, 2002 Ohio App. LEXIS 6375 (Ohio Ct. App. Nov. 27, 2002), a case similar to the claims and fact patterns in the instant case, for the rule that an employee "preparing to compete" with his employer is not equivalent to competing and not a breach of the duty of loyalty, especially when there is no evidence that the employee contacted any of employer's customers. *Fitness Experience, Inc.,* 355 F.Supp.2d at 892. In *Cary Corp.* the Court of Appeals of Ohio affirmed a trial court's decision granting summary judgment for an employee after his original employer was "merged out of existence." The *Cary Corp.* court construed a restrictive covenant under Pennsylvania law which viewed an asset purchase--as opposed to a merger--as a "distinction without a difference." *Id.* at *11 (quotations omitted). The Court of Appeals of Ohio in *Cary Corp.* further held:

> *The point of focus should not be on the relationship between the old employer and the new employer, but rather between the employee and the new employer.* The strong policy considerations referred to in [*All- Pak, Inc. v. Johnston*, 694

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 4



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

> A.2d 347 (Pa. Super.1997)] recognized that the employment relationship is a personal matter between the employee and the company who hired him and for whom he chose to work. Unless an employee explicitly agreed to an assignability provision, *an employer may not treat him as some chattel to be conveyed, like a filing cabinet, to a successor firm.*

*Id.* at \*\*11-12 (quotations omitted) (emphasis added).

The same day the United States District Court for the Northern District of Ohio decided *Fitness Experience, Inc.* the Court of Appeals of Ohio decided *Relizon Co. v. Shelly J. Corp.*, 2004 Ohio 6884, No. L-02-1377, 2004 Ohio App. LEXIS 6390 (Ohio Ct. App. Dec. 17, 2004), which held:

> When there has been *no change in ownership and the company remains essentially the same* after the **merger or transfer of assets**, Ohio courts have held that the covenants not to compete are properly assignable to and enforceable by the new company, even though the noncompetition agreement does not address assignability.

*Id.* at \*\*32-33 (citing *C.A. Litzler*, 1991 Ohio App. LEXIS 3982, at \*7; *Rogers*, 565 N.E.2d at 543) (emphasis added). The court went on:

> However, where the noncompetition agreement is silent as to assignability, and there has been a *change in ownership* of the business, the *controlling factor* in determining assignability of a covenant not to compete *is the intention of the contracting parties.*

*Id.* at \*34 (citations omitted) (emphasis added).

> [T]he court in *Litzler* held that "[a] restrictive covenant is properly assignable where only the legal structure of the business has changed

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 5



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

and no additional burdens are placed on the employee as a result of the change."

*Id.* (quoting *C.A. Litzler*, 1991 Ohio App. LEXIS 3982, at *7 (citing *Rogers*, 565 N.E.2d at 542-43)).

The Ohio case law cited above clearly shows that Ohio courts have rejected the notion that restrictive covenants are automatically assignable in a merger under Ohio law. Plaintiffs conspicuously cite no Ohio case law to support the gravamen of their argument: "Ohio law does not treat the RSA any differently than any other contract." (Pls.' Mem. Supp. at 4 (Doc. #161)).

This issue was most recently and directly addressed in *Michael's Finer Meats, LLC v. Alfery,* 649 F.Supp.2d 748 (S.D. Ohio 2009).

> As an initial matter, the Court finds that *Ohio Revised Code* §1701.82(A)(3) is not dispositive. As applied here, this statute merely provides that all property interests held by Michaels Inc. passed to Michaels LLC. *The statute does not address whether a particular contract was assignable from the outset.* In other words, if the contract was, in its nature, one that was amenable to assignment, then the merger statute would have operated to pass this contract as an asset from the predecessor company to the new entity. Plaintiff's motion for summary judgment, based entirely on the premise that the Agreement automatically passed to the benefit of Michael's LLC by virtue of *Ohio Revised Code* §1701.82(A)(3), is DENIED.

*Id.* at 752-53 (emphasis added). The *Michael's Finer Meats, LLC* case involved a merger, and the court described the analysis in *Fitness Experience* (an asset purchase case) as "instructive." *Id.* at 754.

DEFENDANT THOMAS' RESPONSE
MEMORANDUM IN OPPOSITION TO
MOTION TO ALTER OR AMEND THE
JUDGMENT - 6



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

"The analysis begins with *Rogers v. Runfola*, 57 Ohio St. 3d 5, 565 N.E.2d 540 (Ohio 1991)." *Id.* at 753. That is exactly the analysis this Court undertook in denying Plaintiffs' Motion for Preliminary Injunction. This Court correctly applied Ohio law to the facts in the record. If National City desired another state's law to govern the restrictive covenants in place with its employees, National City could have easily drafted that in to the Agreements.

This Court got it right the first go around. A recent decision by the Third Circuit Court of Appeals interpreting Pennsylvania state law is not a well grounded legal basis to re-visit the correct decision after careful analysis by this Court (in the Ninth Circuit) of settled Ohio state law.

B. **OHIO LAW IS SETTLED AND CERTIFICATION IS UNNECESSARY.**

There is no basis for this Court to certify a settled question of Ohio State law. Here, controlling Ohio precedent exists—the Ohio Supreme Court's decision in *Rogers*, and the Court of Appeals of Ohio decisions in *C.A. Litzler*, *Relizon Co.* and *Cary Corp.* This precedent is reinforced by the United States District Court for the Southern District of Ohio in *Michael's Finer Meats, LLC*. "[F]ederal courts look to existing state law *without predicting potential changes in that law.*" *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002) (emphasis added). Because there is no absence of controlling Ohio precedent on

DEFENDANT THOMAS' RESPONSE
MEMORANDUM IN OPPOSITION TO
MOTION TO ALTER OR AMEND THE
JUDGMENT - 7



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

this issue, certification is not appropriate. Moreover, "[w]hen a party requests certification for the first time after losing on the issue, that party must show 'particularly compelling reasons' for certifying the question." *Carolina Cas. Ins. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008) (quoting *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)). "Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law." *Complaint of McLinn*, 744 F.2d at 681.

> The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present.

*Carolina Cas. Ins. Co.*, 572 F.Supp.2d at 1226 (quoting *Perkins v. Clark Equip. Co. Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987)).

## IV. CONCLUSION

The restrictive covenants in the Agreements are not automatically assignable under *Ohio Revised Code* §1701.82(A)(3). This Court correctly applied Ohio law. Restrictive covenants in their nature are not contracts amenable to assignment from the outset in a merger. Certification of this question to the Ohio Supreme Court is neither necessary and nor appropriate

DEFENDANT THOMAS' RESPONSE
MEMORANDUM IN OPPOSITION TO
MOTION TO ALTER OR AMEND THE
JUDGMENT - 8



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

after this Court has employed a careful and reasonable interpretation of settled Ohio state law after employing a reasonable interpretation of Ohio law.

DATED this *10th* day of September, 2010.

>PATRICK J. KIRBY, Attorney At Law, PLLC
>
> */s/ Patrick J. Kirby*
> PATRICK J. KIRBY, WSBA #24097
> Attorney for Defendant Ronald D. Thomas
> 421 W. Riverside Drive, Suite 802
> Spokane, Washington 99201
> Telephone: (509) 835-1200
> Facsimile: (509) 835-1234
> Email: pkirby@pkirbylaw.com
>
> CAMPBELL, BISSELL KIRBY, PLLC
>
> */s/ Erik H. Thorleifson*
> ERIK H. THORLEIFSON, WSBA #41990
> Attorney for Defendant Ronald D. Thomas
> CAMPBELL, BISSELL & KIRBY, PLLC
> 7 South Howard Street, Suite 416
> Spokane, WA 99201
> Telephone: (509) 455-7100
> Facsimile: (509) 455-7111
> Email: ethor@cbklawyers.com

Data\1444\response.mtn alter.final.091010

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 9



421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the <u>*10th*</u> day of September, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

- **Karen F. Jones**
Riddell Williams, P.S.
1001 4th Avenue, Suite 4500
Seattle, WA 98154-1065
Phone: (206) 624-3600
Fax: (206) 389-1708
*Email: kjones@riddellwilliams.com*

- **James E. Breitenbucher**
Riddell Williams, P.S.
1001 4th Avenue, Suite 4500
Seattle, WA 98154-1065
Phone: (206) 624-3600
Fax: (206) 389-1708
*Email: jbreitenbucher@riddellwilliams.com*

- **Thomas D. Cochran**
Witherspoon Kelley
422 West Riverside, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
*Email: tdc@witherspoonkelley.com*

- **Matthew W. Daley**
Witherspoon Kelley
422 West Riverside, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
*Email: mwd@witherspoonkelley.com*

- **Robert P. Ducatman**
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, Ohio 44114
Phone: (216) 586-3939
*Email: rducatman@jonesday.com*

- **Anthony T. Jacono**
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, Ohio 44114
Phone: (216) 586-3939
*Email: atjacono@jonesday.com*

- **Meredith M. Wilkes**
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, Ohio 44114
Phone: (216) 586-3939
*Email: mwilkes@jonesday.com*

- **Erik H. Thorleifson**
Campbell, Bissell & Kirby, PLLC
7 South Howard Street, Suite 416
Spokane, WA 99201
Phone: (509) 455-7100
*Email: ethor@cbklawyers.com*

<u>  */s/ Patrick J. Kirby*  </u>
PATRICK J. KIRBY
Attorney for Defendant Ronald D. Thomas
421 W. Riverside Drive, Suite 802
Spokane, Washington 99201
Telephone: (509) 835-1200
Facsimile: (509) 835-1234
Email: pkirby@pkirbylaw.com

DEFENDANT THOMAS' RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT - 10

PATRICK J KIRBY
LAW OFFICE PLLC
421 Riverside Avenue, Suite 802
Spokane, WA 99201
509.835.1200 (Phone)
509.835.1234 (Facsimile)