| | |
|---|---|
| Karen F. Jones, WSBA #14987<br>James E. Breitenbucher, WSBA #27670<br>RIDDELL WILLIAMS P.S.<br>1001 Fourth Avenue, Suite 4500<br>Seattle, Washington 98154<br>Phone: (206) 624-3600 | The Honorable Edward F. Shea |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| NATIONAL CITY BANK, N.A. and THE PNC FINANCIAL SERVICES GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME LENDING, INC.; RONALD D. THOMAS and JOHN DOES 1-20,<br><br>Defendants. | NO. 2:10-cv-00034-EFS<br><br>**DEFENDANT PRIME LENDING, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' FED. R. CIV. P. 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>JURY TRIAL DEMANDED<br><br>**Set for Hearing:**<br>**September 30, 2010 at 6:30 p.m.** |

Plaintiffs ask the Court to revisit its order denying a preliminary injunction, arguing that the Court failed to recognize that the restrictive covenants in the Restrictive Stock Agreement signed by Ronald Thomas automatically passed from National City to PNC under Ohio's merger statute. This exact argument, however, has already been rejected by *Michael's Finer Meats, LLC v. Alfery*, 649 F. Supp. 2d 748 (S.D. Ohio 2009), which directly addressed the Ohio merger statute upon which Plaintiffs rely and squarely held that restrictive covenants <u>do not</u> automatically pass to the benefit of the surviving company under Ohio's merger statute.

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 1

Plaintiffs, by contrast, cite no case in which a court held that a restrictive covenant automatically passed under Ohio's merger statute. In light of *Michael's* and the absence of contrary authority, Plaintiffs simply cannot meet the "'unquestionably erroneous'" standard that applies to motions for reconsideration under Rule 59(e). *See Bush v. Birdsell*, No. CV-08-5063, 2010 WL 3120030, at *4 (E.D. Wash. Aug. 6, 2010) (citation omitted).

Nonetheless, Plaintiffs argue that this Court should effectively overrule *Michael's* by looking to non-Ohio cases and holding that restrictive covenants should be treated like any other contract under Ohio law. But as noted by the case law cited in the Court's Order, "Ohio law does not treat non-compete agreements like any other contract." *Fitness Experience, Inc. v. TFC Fitness Equip., Inc.*, 355 F. Supp. 2d 877, 888 (N.D. Ohio 2004). Rather, restrictive covenants are "cautiously considered and carefully scrutinized," *Lake Land Employment Group of Akron, LLC v. Columber*, 804 N.E.2d 27, 30 (Ohio 2004), and found "to be assignable only under certain prescribe circumstances." *Fitness Experience*, 355 F. Supp. 2d at 889.

In other words, the Ohio courts require the very analysis that this Court conducted when denying Plaintiffs' motion for preliminary injunction. Plaintiffs may not agree with Ohio law, but the Court properly applied it. Moreover, a "party should not be allowed 'a second chance at victory' through certification [to a state supreme court] after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Accordingly, Plaintiffs' motion for reconsideration should be denied.

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 2

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## I. ARGUMENT AND AUTHORITY

### A. Standard of Review

"The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary remedy that is used sparingly." *Bush v. Birdsell*, No. CV-08-5063, 2010 WL 3120030, at *3 (E.D. Wash. Aug. 6, 2010). Only three grounds justify altering or amending a judgment under Federal Rule of Civil Procedure 59(e): "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009); *see also Bush*, 2010 WL 3120030, at *4 ("Clear error occurs when a court's decision or action appears to have been 'unquestionably erroneous.' Similarly, manifest injustice is defined as an error in the trial court that is 'direct, obvious, and observable[.]'") (citations omitted). None of these grounds exists in this matter. Moreover, in the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to present new arguments or claims not raised in the previous motion. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). There is no justification for altering or amending the Court's ruling.

### B. Ohio Authority Squarely Supports the Court's Ruling.

Plaintiffs base their motion for reconsideration on the false premise that "Ohio law does not treat the RSA any differently than any other contract." (Pls.' Mem. at 4.) Plaintiffs, however, cite no case in which restrictive

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 3

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

covenants like those in the RSA were found to automatically pass to a successor under Ohio's merger statute. Indeed, as explained in the *Fitness Experience* case cited in the Court's Order, "Ohio law does not treat non-compete agreements like any other contract." *Fitness Experience,* 355 F. Supp. 2d at 888.

The one case that squarely addresses whether contracts like the RSA automatically pass to a successor under Ohio's merger statute is *Michael's Finer Meats, LLC v. Alfery*, 649 F. Supp. 2d at 752. Plaintiffs simply dismiss *Michael's* as failing to recognize the distinction between a statutory merger and the assignment or sale of assets. (Pls' Mem. at 4.) The *Michael's* court, however, did not fail to recognize any such distinction, but instead concluded that the distinction was not determinative:

> [T]he Court finds that [Ohio's merger statute] is not dispositive. As applied here, this statute merely provides that all property interests held by Michael's Inc. passed to Michael's LLC. The statute does not address whether a particular contract was assignable from the outset. In other words, if the contract was, in its nature, one that was amenable to assignment, the merger statute would have operated to pass this contract as an asset from the predecessor company to the new entity. Plaintiff's motion for summary judgment, based entirely on the premise that the Agreement automatically passed to the benefit of Michael's LLC by virtue of [Ohio's merger statute] is DENIED.

*Michael's,* 649 F. Supp. 2d at 752.

*Michael's* is the only published decision addressing whether restrictive covenants automatically pass to a successor under Ohio's merger statute, and squarely supports the Court's ruling. In other words, Plaintiffs cite no case in

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 4

which a court concluded that a restrictive covenant automatically passed under Ohio's merger statute and simply cannot meet the "unquestionably erroneous" standard that applies to motions for reconsideration.

The distinction between restrictive covenants and other types of contracts is well-established under Ohio law. As discussed in the Court's ruling, "Ohio courts view non-compete clauses skeptically and construe them against the party seeking enforcement." *Nat'l City Bank, N.A. v. Prime Lending, Inc.*, No. CV-10-034, 2010 WL 3119407, *4 (E.D. Wash. July 20, 2010). As a result, where, as here, "a non-compete agreement does not expressly state whether or not it is assignable, Ohio courts do not presume assignability, as suggested by plaintiff, but rather carefully consider the intent of the parties and find a non-compete agreement to be assignable only under certain prescribed circumstances." *Fitness Experience*, 355 F. Supp. 2d at 889.

The Ohio cases Plaintiffs cite are distinguishable, because they do not involve restrictive covenants like those in the RSA. For example, the *FirstSource* case concerned a contract between two corporations—Sherpa Business Solutions, Inc. and Harvest INFO, Inc.—under which "Sherpa agreed to provide advertisements and other services to Harvest for payment." *Firstsource Solutions USA, Inc. v. Harvest INFO, Inc.*, No. 1:09-CV-165, 2010 WL 2598205, at *1 (S.D. Ohio June 24, 2010).

In addition, the cases Plaintiffs cite from other jurisdictions decided under non-Ohio law are neither controlling nor persuasive. To the extent those cases fail to conduct the "assignability" analysis adopted in *Rogers v. Runfola &*

*Assocs.*, 565 N.E.2d 540, 543 (Ohio 1991), those cases are inconsistent with Ohio law. For example, the *First Experience* court distinguished *Beta LaserMike, Inc. v. Swinchatt*, because it was decided under Massachusetts law and failed "to fully consider the intent of the original parties to the contract and the altered burdens on the obligor." *Fitness Experience,* 355 F. Supp. 2d at 889 n.21.[1]

---

[1] Some of the non-Ohio cases cited by Plaintiffs do not even support their contention that restrictive covenants automatically pass to a successor by statutory merger. *See, e.g., Alexander & Alexander, Inc. v. Koelz*, 722 S.W.2d 311, 313 (Mo. Ct. App. 1987) (analyzing whether merger would alter employee's duties to determine assignability under Missouri's merger statute); *Siemens Med. Solutions Health Servs. Corp. v. Carmelengo*, 167 F. Supp. 2d 752, 760 & n.3 (E.D. Pa. 2001) (citing with approval to Ohio Supreme Court's decision in *Rogers v. Runfola & Assocs.*, 565 N.E.2d 540, 543 (Ohio 1991), and applying similar reasoning to determine whether restrictive covenants were assignable under Pennsylvania merger statute). And other non-Ohio cases expressly reject this statute-based argument. *See, e.g.*, *Smith, Bell & Hauck, Inc. v. Cullins*, 183 A.2d 528, 531 (Vt. 1962) (holding statute providing that surviving corporations "shall possess all the rights, privileges and benefits of the original corporation" does not control the issue of whether a successor has the right to enforce a restrictive covenant).

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 6

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## C. Certification to the Ohio Supreme Court is Inappropriate.

"There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).

Here, Plaintiffs argued during the preliminary injunction hearing that *Michael's* was an "outlier" and that the Court should follow *ASA Architects, Inc. v. Schlegel*, 665 N.E.2d 1083 (Ohio 1996), and *Transcontinental Ins. Co. v. SimplexGrinnell LP* (N.D. Ohio 2006)—cases that do not involve restrictive covenants. (*See* 4/28/10 Prelim. Inj. Hrg. Tr. at 207-08.) Plaintiffs' request for certification only comes after they received an adverse ruling on this issue. This fact alone is sufficient for this Court to exercise its discretion and deny Plaintiffs' request for certification. *See Thompson*, 547 F.3d at 1065.

In addition, even though unpublished decisions may lack precedential value, this Court may consider them when deciding whether an issue is sufficiently novel to certify a question to a state supreme court. *See Pacheco v. Shelter Mut. Ins. Co.,* 583 F.3d 735, 738-39 (10th Cir. 2009) (citing unpublished Colorado case). In *C.A. Litzler*, the surviving corporation of a merger under Ohio's merger statute, Ohio Revised Code 1701.82(A)(3), sought to enforce a restrictive covenant entered between a predecessor corporation and the former employee. *See C.A. Litzler Co. v. Libby*, No. CA-8512, 1991 WL 160850 (Ohio Ct. App. Aug. 12, 1991). The Court in *C.A. Litzler* did not hold that the

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 7

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

restrictive covenants pass automatically to the successor. Rather, like this Court, the Ohio Court of Appeals applied the Ohio Supreme Court's *Rogers v. Runfola* analysis: "A restrictive covenant is properly assigned where only the legal structure of the business has changed and no additional burdens are placed on the employee as a result of the change." *C.A. Litzler Co.*, 1991 WL 160850, at *3, *cited with approval in Fitness Experience,* 355 F. Supp. 2d at 890 n.26.[2]

The *Michael's* case squarely supports the Court's ruling and the *C.A. Litzler* ruling confirms that *Michael's* is neither wrong nor an "outlier." If Plaintiffs thought the assignability issue was unanswered under Ohio law, they should have sought certification *before* they received an adverse ruling. The Court properly applied Ohio law, and Plaintiffs have not met their heavy burden of demonstrating that the Court's ruling is "unquestionably erroneous."

---

[2] Although the *C.A. Litzler* court found that the restrictive covenants were assignable under Ohio's merger statute, the facts are distinguishable from this case, because only the legal structure of the employer changed and no additional burdens were placed on the former employee. *See C.A. Litzler*, 1991 WL 160850, at *3.

## II. CONCLUSION

The Court properly analyzed the RSA under *Rogers v. Runfola and Assocs.*, 565 N.E.2d 540 (Ohio 1991), and there is no reason to revisit the Court's order denying Plaintiffs' motion for preliminary injunction. Accordingly, Plaintiffs' motion to alter or amend the judgment should also be denied.

RESPECTFULLY SUBMITTED this 10th day of September, 2010.

/s James E. Breitenbucher
Karen F. Jones, WSBA #14987
James E. Breitenbucher, WSBA #27670
Attorneys for Defendant PrimeLending, Inc.
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Fax: (206) 389-1708
Email: kjones@riddellwilliams.com
jbreitenbucher@riddellwilliams.com

PRIME'S OPPOSITION TO PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT – 9

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Thomas Dean Cochran - tdc@witherspoonkelley.com
- Matthew W. Daley - mwd@witherspoonkelley.com
- Patrick Joseph Kirby - pkirby@pkirbylaw.com
- Erik H. Thorleifson - ethor@campbell-bissell.com
- Anthony T. Jacono - atjacono@jonesday.com
- Meredith M. Wilkes - mwilkes@jonesday.com
- Robert P. Ducatman - rducatman@jonesday.com

DATED this 10th day of September, 2010.

/s Molly McInnis
Molly McInnis