THOMAS D. COCHRAN, WSBA 5910
MATTHEW W. DALEY, WSBA 36711
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
Phone: (509) 624 5265
Fax: (509) 458 2728
Email: tdc@witherspoonkelley.com
       mwd@witherspoonkelley.com

ROBERT P. DUCATMAN, *Pro Hac Vice*
MEREDITH M. WILKES, *Pro Hac Vice*
ANTHONY T. JACONO, *Pro Hac Vice*
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone: (216) 586-3939
Fax: (216) 579-0212
JONES DAY
Email: rducatman@jonesday.com
       mwilkes@jonesday.com
       atjacono@jonesday.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON, AT SPOKANE

| | |
|---|---|
| NATIONAL CITY BANK, N.A. and THE PNC FINANCIAL SERVICES GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME LENDING, INC.; RONALD D. THOMAS and JOHN DOES 1-20,<br><br>Defendants. | Case No. 2:10-cv-00034-EFS<br><br>REPLY TO PRIME LENDING, INC.'S OPPOSITION TO PLAINTIFFS' FED.R.CIV.P. 59(e) MOTION<br><br>JURY TRIAL DEMANDED<br><br>**Set for Hearing:**<br>**September 30, 2010 at 6:30 p.m.** |

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 1

# I. **INTRODUCTION**

As evidenced by Plaintiffs' Rule 59(e) motion, relief is appropriate. There has been a clear error of law and it would be manifestly unjust to let the Court's Order of July 20, 2010 stand unaltered. There is clear error because, in *ASA Architects, Inc. v. Schlegel*, 75 Ohio St. 3d 666, 670 (1996), the Supreme Court of Ohio held that Ohio's merger statute is to be applied regardless of the type of contract at issue. Despite the unequivocal language in *ASA Architects*, Prime nonetheless asserts that covenants not to compete are "different." That position finds no support in precedent of the Supreme Court of Ohio in the context of a statutory merger. Indeed, the most that Prime can muster to support its position is one unreported decision and the *Michael's* case which never mentions the *ASA Architects* decision and is wrongfully decided.

Moreover, to permit the decision to stand would be manifestly unjust. Ohio has always recognized the importance of protecting parties' freedom to contract. It does so by ensuring each party performs according to its agreement. Thomas accepted the restricted stock and hence got the benefit of the bargain. He and Prime now seek to avoid the consequence of that choice by arguing that a statutory merger relieved Thomas of his obligations. It did not, and to hold that it did, is manifest injustice.

Finally, Prime ignores the importance of the precedential nature of the issue before this Court. The question regarding the effect of a merger on a surviving

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 2

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

company's right to enforce contracts entered into by a constituent entity is a central issue in corporate merger law. It should not be brushed aside by this Court as Prime urges by simply labeling it as "different" than other contracts based upon a single decision of a district court. In view of the *ASA Architects* decision and the importance of the issue in Ohio to corporate mergers, if there is any doubt, the question should be decided by the Supreme Court of Ohio. That route is one that the Supreme Court has endorsed wholeheartedly when there is doubt about a point of state law. *See Scott v. Bank One Trust*, 62 Ohio St. 3d 39, 43 (1991).

In short, proper application of Ohio law results in PNC succeeding to all rights to enforce the covenants at issue. And, proper application of Ohio law means Thomas is bound by the promises he made not to compete and not to solicit employees and customers of PNC.

## II. ARGUMENT & AUTHORITY

A.     The Right To Enforce The RSA Vested By Operation Of Law.

Article XIII, Section 2 of the Ohio Constitution authorizes the legislature to establish the legal framework for corporations. Pursuant to that grant of power, the General Assembly has enacted a carefully-crafted statutory structure for corporate mergers. Ohio R.C. §§ 1701.78, *et seq.*

As part of that structure, Ohio R.C. § 1701.82(A)(3) provides:

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 3

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

> The surviving or new entity possesses all assets and property of every description, . . . and the rights, privileges, immunities, powers, franchises, and authority . . . of each constituent entity, and, . . . all obligations belonging to or due to each constituent entity, all of which are vested in the surviving or new entity without further act or deed.

The statute is unambiguous and straightforward. In a merger, there is no distinction between assets or rights of the corporation and its obligations; no distinction between obligations owed to the corporation and obligations owed by it; and no distinction as to the type or nature of asset, right or obligation involved.

The Supreme Court of Ohio has taken the legislature at its word. In *ASA Architects*, 75 Ohio St. 3d at 673, the Court addressed the obligations side of the merger equation. In that case, a closely held corporation and its employees-shareholders entered into a stock purchase agreement. Schlegel, one of the shareholder-employees, entered into an employment agreement in which he agreed to sell, and the company agreed to buy, his shares of the company upon termination of his employment. In 1988, a new corporation was formed, and the old corporation was merged into the new corporation ("ASA"). Subsequently, Schlegel terminated his employment and sought to have his shares purchased by ASA. ASA sought a declaration that it was not obligated to do so and argued that: (1) the merger statute did not apply to "internal" contracts; (2) its obligation to purchase the shares terminated at the time of the merger; and (3) the continued viability of the obligation to

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 4

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

purchase the shares turned on the intent of the parties. The Ohio Supreme Court rejected all three arguments. With respect to ASA's assertion that the type of contract at issue made a difference, the Court held:

> [I]t is obvious that ASA is attempting to add language to R.C. 1701.82(A)(3) and (4) that simply does not exist. R.C. 1701.82(A)(3) and (4) do not delineate between the types of obligations owed by a constituent corporation and those obligations that are inherited as a matter of law by the surviving corporation. Hence, as the General Assembly has shown no intent to create a dichotomy between certain types of obligations that flow from a constituent corporation to the surviving corporation in a merger, this court will certainly not presume to create one. *Id.*

What Prime is asking this Court to do is precisely what the Supreme Court of Ohio refused to do. No court should create a dichotomy between contracts that include non-hire, non-solicitation provisions and those that do not.

This case is a mirror image of the *ASA* case. At issue are the "rights," rather than the "obligations," side of the merger statute. But the result under the statute should be the same. Just like the "obligations" side of the equation, Ohio R.C. § 1701.82(A)(3) provides that the surviving entity succeeds to all rights of its constituent without further act or deed. Moreover, those rights vest by operation of law. *See id.* ("Thus, we find that as a result of the merger the contractual obligations

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 5

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

of the constituent corporation, including the stock purchase agreement, flowed, by operation of law.").

PNC, as the surviving corporation in a statutory merger, "inherited" the right to enforce the non-hire, non-solicitation provisions in Thomas' contract as a matter of law. There is no legal basis for applying the three-prong test applied by this Court to determine whether or not PNC has those rights. It does.

**B.     Prime's Reliance On An Unreported Ohio Case Is Misplaced.**

Prime relies on two cases to support its position that a contract "assignability" analysis is appropriate in the context of a statutory merger. One of the two is unreported and was decided before January 1, 2007. Therefore, it should not be considered by the Court. (*See* Local Rule 7(g)(2)). But even if the Court considers it, Prime's reliance on it is misplaced.

*C.A. Litzler Co. v. Libby*, No. CA-8512, 1991 Ohio App. LEXIS 3982 (Ohio Ct. App. Aug. 12, 1991) did involve a merger. And the decision does use the term "assignment." But the court's analysis is limited to those factors that a court considers in determining whether a covenant is reasonable. The court did not undertake the

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 6

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

three-prong "assignability" analysis used by this Court. Indeed, the words "intent" and "goodwill" appear nowhere in the decision.[1]

### C. The *Michael's* Case Was Wrongly Decided.

The only case that actually holds what Prime asserts it does is *Michael's Finer Meats, LLC v. Alfery*, 649 F. Supp. 2d 748 (S.D. Ohio 2009). That decision, however, is devoid of any analysis as to why the Ohio statutory merger law did not vest the surviving corporation with all of the rights of each constituent entity by operation of law. The court never mentions *ASA Architects*, and it blurs the distinction between a merger, in which an assignment is irrelevant, and an asset purchase or assignment in

---

[1] If intent mattered -- and it should not -- Prime ignores that the Long Term Cash and Equity Incentive Plan Effective January 1, 2005, which is the Plan that governs Thomas' RSA, provides that it is binding upon and inures to the benefit of the Corporation, its successors and assigns. (*See* Exhibit C to Daley Declaration filed with Plaintiffs' Rule 59(e) Motion). Under Ohio law, in the absence of ambiguity, intent resides in the language used in the contract. *Shifrin v. Forest City Ent.*, 64 Ohio St. 3d 635, 638 (1992). Here, there is no ambiguity in the language of the agreement. Based on the language of the agreement, the parties intended that the provisions of the RSA inure to the benefit of PNC.

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 7

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

which there must be an assignment. Thus, the court recognizes that "all property interests" passed to the surviving company by operation of law, but nonetheless held that the merger statute did not address whether a "particular contract was assignable from the outset." *Michael's*, 649 F. Supp. 2d 753. But, Ohio's merger statute was patterned on the Model Business Corporation Act, which provides:

> **A merger is not a conveyance, transfer, or assignment.** . . . It does not give rise to a claim that a contract with a party to the merger is no longer in effect on the ground of nonassignability, unless the contract specifically provides that it does not survive a merger. 3 Model Bus. Corp. Act Ann. § 11.07, cmt. (2008) (emphasis added).

Thus, assignability is irrelevant in a merger -- a fact that the *Michael's* court failed to understand. Simply put, the case was wrongly decided, and because the surviving corporation was granted the ultimate relief it sought, it had no incentive to appeal. The *Michael's* decision should not provide the basis for yet another erroneous decision.[2]

---

[2] Prime asserts that two cases cited by Plaintiffs do not support their position. (*See* Prime Opp'n at 6 n.1). Prime is mistaken. While the *Alexander* court discusses assignability, it held: "As we do not believe the transfer by merger here worked an assignment, assignability of the contract by its own terms is not a viable issue." 722 S.W.2d 311, 313-14 (Mo. Ct. App. 1986). In *Siemens*, the court held that a successor
REPLY TO PRIME LENDING, INC.'S  
OPPOSITION TO PLAINTIFFS'  
FED.R.CIV.P. 59(e) MOTION: 8
WITHERSPOON · KELLEY  
422 WEST RIVERSIDE AVENUE, SUITE 1100  
SPOKANE, WASHINGTON 99201-0302  
(509) 624-5265

**D.    There Are Compelling Reasons To Certify The Question Relating To Ohio's Merger Law to The Supreme Court of Ohio.**

If this Court has any doubt regarding the proper application of Ohio's statutory merger provision, it should certify the question to the Supreme Court of Ohio. Prime provides no legitimate reason for not doing so.

The unpublished Ohio appellate court decision upon which Prime relies does not support its position. Nor does *Rogers v. Runfola*, 57 Ohio St. 3d 5 (1991). That case involved an assignment of assets -- not a merger.

---

corporation, Siemens, could enforce covenants entered into by the employee with a constituent corporation, SMS, because, in the context of a statutory merger, all that occurred was that the "shares have changed hands." 167 F. Supp. 2d 752, 759 (E.D. Pa. 2001). Thus, despite Prime's arguments to the contrary, both decisions stand for the proposition that the right to enforce the covenants vested by operation of law.

Nor is the 1962 Vermont case upon which Prime relies relevant. *Smith, Bell & Hauck, Inc. v. Cullins*, 183 A.2d 528 (Vt. 1962) was decided under a now superseded merger statute that required rights to be "properly exercisable," and the decision hinged on that language. Courts have refused to follow *Cullins* when applying statutory merger provisions like Ohio's that have no such limiting language. *See HD Supply Facilities Maintenance, LTD v. Bymoen*, 210 P.3d 183, 188 n.4 (Nev. 2009).

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 9

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

Moreover, the Supreme Court of Ohio has urged federal courts to certify important questions of Ohio law -- such as the one at issue here -- to it.

> 'By allocating rights and duties incorrectly, the federal court both does an injustice to one or more parties, and frustrates the state's policy that would have allocated the rights and duties differently. The frustration of the state's policy may have a more lasting effect, because other potential litigants are likely to behave as if the federal decision were the law of the state. In that way, the federal court has, at least temporarily, *made* state law of which the state would have disapproved, had its courts had the first opportunity to pass on the question.'

*Scott*, 62 Ohio St. 3d at 42 (emphasis in original) (*quoting* McCree, Foreword, 1976 Annual Survey of Michigan Law, 23 Wayne L. Rev. 255, 257 n.10 (1977).

Here Prime is doing precisely what the *Scott* court feared: It is "behav[ing] as if the federal decision [in *Michaels's*] were the law of the state." It is not.

This Court should not rely on cases involving asset purchases and assignments to decide what the law in Ohio is with respect to mergers. Nor should it rely on a federal district court case that fails to recognize the differences between asset purchases and mergers. The only Supreme Court of Ohio case that addresses the latter is *ASA Architects*. And if this Court questions its applicability to this case, then the proper route is certification.

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION: 10
WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

RESPECTFULLY SUBMITTED, this 17th day of September, 2010.

WITHERSPOON KELLEY                    JONES DAY

*s/ Thomas D. Cochran*                      s/
THOMAS D. COCHRAN                     ROBERT P. DUCATMAN
MATTHEW W. DALEY                      MEREDITH M. WILKES
                                      ANTHONY T. JACONO

Counsel for the Plaintiffs             Counsel for the Plaintiffs

REPLY TO PRIME LENDING, INC.'S
OPPOSITION TO PLAINTIFFS'
FED.R.CIV.P. 59(e) MOTION:  11

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2010,

1. I electronically filed the foregoing REPLY TO PRIME LENDING, INC.'S OPPOSITION TO PLAINTIFF'S FED.R.CIV.P. 59(E) MOTION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **James E. Breitenbucher, Karen F. Jones, Patrick Joseph Kirby, Erik Thorliefson;** and

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **none.**

s/ Shelly M. Koegler
Shelly M. Koegler, Legal Assistant
Witherspoon Kelley
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265