UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PNC FINANCIAL SERVICES GROUP, INC., and PNC BANK,<br><br>    Plaintiffs,<br><br>    v.<br><br>PRIME LENDING, INC.; RONALD D. THOMAS; and KALE SALMANS,<br><br>    Defendants. | NO. CV-10-0034-EFS<br><br>**ORDER DENYING PLAINTIFFS' FED. R. CIV. P. 59(E) MOTION TO ALTER OR AMEND THE JUDGMENT** |

    Before the Court, without oral argument, is Plaintiffs National City Bank, N.A.[1] and PNC Financial Services Group, Inc.'s Fed. R. Civ. P. 59(e) Motion to Alter or Amend the Judgment (ECF No. 160). Plaintiffs initially sued Defendants for violations of several state and federal laws in connection with a mass resignation that effectively shut down National City's operations in the Spokane region and handed them over to Defendant Prime Lending.

    Plaintiffs moved for a preliminary injunction preventing Defendants from doing business with former National City customers, recruiting

---

[1] Plaintiff National City Bank was removed from this action pursuant to the First Amended Complaint (ECF No. 181), filed October 6, 2010.

ORDER * 1

National City employees, and disclosing National City's trade secrets. The Court denied Plaintiffs' motion, finding that Plaintiffs had not demonstrated a likelihood of success on the merits for their breach-of-contract claim. (ECF No. 142.) Relying on Ohio law, the Court concluded that Thomas' non-compete was not assignable because, 1) the contract did not "strongly indicate" that the parties intended Thomas' non-compete agreement to be assigned to the new employer in the event of a merger; 2) assignment was not necessary to protect Plaintiffs' goodwill; and 3) the assignment would create additional burdens on Thomas.

Plaintiffs now ask the Court to reconsider and amend its July 20, 2010 Order denying PNC's motion for preliminary injunction, arguing that the Court improperly characterized PNC's takeover as an asset assignment, rather than a merger. Plaintiffs argue that the Ohio statutory merger law should apply, under which they believe all assets, including the non-compete agreements, would pass to PNC, the surviving corporation, by operation of law.

Only three grounds justify altering or amending the judgment under Federal Rule of Civil Procedure 59(e): "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in the controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). After considering the parties' additional briefing (ECF Nos. 192, 193, & 194), the Court is satisfied that the July 20, 2010 Order denying PNC's motion for preliminary injunction is a "judgment" for Federal Rule of Civil Procedure 59(e) purposes. *See* Fed. R. Civ. P.

ORDER * 2

54(a) (defining judgment as "*any* order from which an appeal lies" (emphasis added)); 28 U.S.C. § 1292(a)(1) ("[c]ourts of appeals shall have jurisdiction of appeals from: Interlocutory orders of the district courts of the United States . . . refusing . . . injunctions[.]"); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123 n.6 (9th Cir. 2005) (recognizing that "a preliminary injunction order is a 'judgment' and is therefore subject to Rule 59(e)"); *Balla v. Idaho State Bd. of Corr.,* 869 F.2d 461, 466-67 (9th Cir. 1989) ("Thus, the word 'judgment' encompasses final judgments and appealable interlocutory orders.").

The Court finds that it correctly analyzed Ohio law and both state and federal precedents on the facts of this case and thus denies Plaintiffs' motion to alter or amend the judgment. Accordingly, there is no demonstrable need to certify the issue to the Ohio Supreme Court. Therefore, **IT IS HEREBY ORDERED:** Plaintiffs' Fed. R. Civ. P. 59(e) Motion to Alter or Amend the Judgment **(ECF No. 160)** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___13th___ day of December 2010.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\34.Alter.Judgment.wpd

ORDER * 3