UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PNC FINANCIAL SERVICES GROUP,
INC.; and PNC BANK,                    NO. CV-10-34-EFS

                    Plaintiffs,

       vs.                             **ORDER DENYING PLAINTIFFS'
                                       MOTION TO ALTER OR AMEND THE
PRIME LENDING, INC.; RONALD            COURT'S ORDER ON SUMMARY
D. THOMAS; and KALE SALMANS,           JUDGMENT**

                    Defendants.

       Before the Court, without oral argument, is Plaintiffs PNC Financial
Services Group, Inc. and PNC Bank's (collectively, "Plaintiffs")
Fed.R.Civ.P. 59(E) [sic] Motion to Alter or Amend the Court's Order on
Summary Judgment, ECF No. 250.  Plaintiffs ask the Court to reconsider
its ruling granting Defendants Prime Lending, Inc., Ronald Thomas, and
Kale Salmans' (collectively, "Defendants") Motions for Partial Summary
Judgment, ECF No. 249.  After reviewing the parties' submissions, the
record in this matter, and applicable authority, the Court is fully
informed.  For the reasons given below, the Court denies Plaintiffs'
motion for reconsideration.

**I.    Background**

       This action arises out of the 2009 mass-departure of employees from
Plaintiffs' Spokane branch office.  Plaintiffs filed the Complaint in the

ORDER ~ 1

Northern District of Ohio on September 16, 2009, alleging a number of state and federal claims, and on February 5, 2010, the case was transferred to this Court.   ECF No. 21.   On July 19, 2010, the Court granted Defendants' motion to dismiss several of Plaintiffs' claims and granted Plaintiffs' leave to amend the complaint.   ECF No. 141.   On July 20, 2010, the Court denied Plaintiffs' motion for a preliminary injunction.   ECF No. 142.   On October 6, 2010, after the Court granted Plaintiffs' second motion for leave to amend, Plaintiffs filed the First Amended Complaint.   ECF No. 181.

The First Amended Complaint asserted claims for breach of contract and breach of the duty of loyalty against Mr. Thomas, and claims for misappropriation of trade secrets, tortious interference with contract, unfair competition, and civil conspiracy against Defendants.   On March 6, 2012, the Court granted Defendants' motions for partial summary judgment, dismissing PNC's breach of contract and tortious interference with contract claims.   ECF No. 249.   Plaintiffs now ask the Court to reconsider that ruling.[1]

---

[1] The parties have violated the Court's Scheduling Order's directives that "[n]o responses or replies to Motions to Reconsider shall be filed unless the Court expressly requests responses or replies" and **"[m]otions to reconsider shall not exceed five (5) pages."** ECF No. 201 at 6-7 (emphasis in original).   The Court cautions the parties that it will strictly enforce the requirements in the Scheduling Order, the Local Rules, and the Federal Rules of Civil Procedure as this matter moves

ORDER ~ 2

**II.  Discussion**

Plaintiffs purport to bring their motion pursuant to Federal Rule of Civil Procedure 59(e), which permits a party to bring a motion to alter or amend a judgment within twenty-eight days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  However, Plaintiffs' motion is more appropriately analyzed as brought pursuant to either 1) Federal Rule of Civil Procedure 54(b), which allows a district court to revise an interlocutory order "that adjudicates fewer than all the claims . . . at any time before entry of a judgment adjudicating all the claims," or 2) the district court's inherent common-law authority to rescind or modify any interlocutory order so long as the court retains jurisdiction over the matter.  *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Motions for reconsideration brought under Rule 59(e) are typically not granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, and this District has no local rule governing

forward, and future violations of the above will result in an order to show cause why sanctions should not be imposed.

ORDER ~ 3

motions for reconsideration. *Cf.* W.D. Wash. CR 7(h)(1). However, when reviewing motions for reconsideration of interlocutory orders, district courts in the Ninth Circuit generally apply standards of review substantially similar to those used under Rules 59(e) and 60(b). *See, e.g.*, *Nike, Inc. v. Dixon*, No. CV 01-1459-BR, 2004 WL 1375281 at *1-2 (D. Or. June 16, 2004), *aff'd*, 163 Fed. Appx. 908 (Fed. Cir. 2006); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583-86 (D. Ariz. 2003) (surveying relevant local rules for districts throughout the Ninth Circuit). These courts have adopted the following conditions in determining whether a motion for reconsideration may be granted:

> 1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> 2) There are new material facts that happened *after* the Court's decision;
>
> 3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> 4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc.*, 215 F.R.D. at 586. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Id.*

Applying these standards to the instant motion, it becomes clear that none of these prerequisite conditions are satisfied. Plaintiffs have not alleged any material differences in fact or law, any new material facts, or that a change in the law occurred after the Court's decision. Nor do Plaintiffs make a convincing showing that the Court

failed to consider material facts when it decided Defendants' motions. Rather, Plaintiffs ask the Court to reconsider its summary judgment ruling because in rejecting Plaintiffs' argument that the Court should hold Defendants' motions in abeyance pending the Supreme Court of Ohio's decision in *Acordia of Ohio, LLC v. Fishel*, No. C-100071, 2010 WL 5275169 (Ohio App. Dec. 17, 2010), the Court stated that *Acordia* would not be dispositive because "the mergers between National City and PNC were governed by Pennsylvania and Delaware law." ECF No. 249 at 9. Plaintiffs argue that there is "complete symmetry" between the merger laws of Ohio, Pennsylvania, and Delaware, and thus that their right to enforce the non-compete agreements at issue in this matter passed automatically by operation of law. However, Plaintiffs misconstrue the Court's ruling; the Court did not "h[o]ld that Ohio law no longer applies" in this matter, ECF No. 251 at 3, but instead made the above-quoted statement in the course of addressing Plaintiffs' argument that Defendants' motions should be held in abeyance. And after careful review of the Court's summary judgment ruling, the Court remains convinced in the soundness of its ruling that the non-compete agreements did not assign to Plaintiffs as a result of the mergers. Accordingly, the Court declines to vacate its Order granting Defendants' motions for partial summary judgment.

///
///
///
///
//
/

ORDER ~ 5

**III. Conclusion**

    For the reasons discussed above, **IT IS HEREBY ORDERED**: Defendants' Fed.R.Civ.P. 59(E) [sic] Motion to Alter or Amend the Court's Order on Summary Judgment, **ECF No. 250**, is **DENIED**.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

    **DATED** this ___7th___ day of May 2012.


                S/ Edward F. Shea
                    EDWARD F. SHEA
         United States District Judge

Q:\Civil\2010\34.deny.reconsid.lc2.wpd

ORDER ~ 6