UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PNC FINANCIAL SERVICES GROUP, INC.; and PNC BANK,<br><br>                    Plaintiffs,<br><br>    v.<br><br>PRIME LENDING, INC; RONALD D. THOMAS; and KALE SALMANS,<br><br>                    Defendants. | No.: CV-10-0034-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND HOLDING IN ABEYANCE PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT** |

    This matter comes before the Court on Plaintiffs PNC Financial Services Group, Inc. and PNC Bank's Motion for Leave to Seek Reconsideration, ECF No. 324, and Plaintiffs' Motion for Entry of Partial Final Judgment, ECF No. 321. Plaintiffs seek leave to file a motion for reconsideration of the Court's March 6, 2012 Order, ECF No. 249, which granted partial summary judgment in favor of Defendants Prime Lending, Inc., Ronald D. Thomas, and Kale Salmans. Alternatively, Plaintiffs ask the Court to enter partial final judgment so they may promptly appeal the Court's otherwise-interlocutory ruling.

    On March 6, 2012, the Court granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiffs' First and Fourth Claims for breach of contract and tortious interference with contract,

ORDER - 1

respectively. ECF No. 249. The Court concluded that Plaintiffs, as successors by merger to National City Bank (NCB) and National City Corporation (NCC), were not entitled to enforce restrictive covenant provisions contained in certain agreements between Defendant Thomas and NCC/NCB because the agreements were not assignable under Ohio law.

On March 28, 2012, Plaintiffs filed a Motion to Alter Judgment or Amend the Court's Order on Summary Judgment, ECF No. 250. The Court interpreted Plaintiffs' motion as a motion for reconsideration; on May 7, 2012, the Court denied that motion, finding that Plaintiffs had not satisfied any of the four *Motorola* criteria warranting reconsideration. *Id.; see Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583-86 (D. Ariz. 2003) (surveying relevant local rules for districts throughout the Ninth Circuit).

Plaintiffs now seek leave to file a second motion for reconsideration. As a basis for reconsideration, Plaintiffs cite to a recently-issued opinion from the Ohio Supreme Court, *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St. 3d 356 (Oct. 11, 2012) ("*Acordia II*"). In *Acordia II*, the Ohio Supreme Court reconsidered an opinion it had issued just months before in the same case, *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St. 3d 345 (May 24, 2012). In its initial opinion, the Ohio Supreme Court affirmed the Ohio Court of Appeals – and this Court expressly relied on the Court of Appeals' opinion in its March 6, 2012 Order. However, upon reconsideration, the Ohio Supreme Court reversed the court of appeals and rejected the reasoning in its own prior opinion, concluding that under Ohio law, a "merged company has the ability to enforce noncompete agreements as if the resulting

1  company had stepped into the shoes of the absorbed company. It
2  follows that the omission of any 'successors or assigns' language in
3  the employees' noncompete agreements in this case does not prevent [a
4  successor to a merger] from enforcing the noncompete agreements." *Id.*
5  at 358. This change in Ohio law appears, at first blush, to be
6  squarely on point with this case and in contravention to this Court's
7  prior decision granting summary judgment for Defendants based on an
8  assignability analysis.

9  Plaintiffs therefore contend that *Acordia II* constitutes an
10 intervening change in controlling law that warrants reconsideration of
11 the Court's grant of partial summary judgment. Without evaluating the
12 merits of Plaintiffs' arguments concerning *Acordia II*, the Court finds
13 that *Acordia II* presents a plausible basis for reconsideration of its
14 March 6, 2012 Order granting partial summary judgment. *See Motorola,*
15 *Inc.*, 215 F.R.D. at 586 (identifying "a change in the law that was
16 decided or enacted after the Court's decision" as an appropriate basis
17 for granting reconsideration). Moreover, by considering the merits of
18 *Acordia II* now rather than proceeding to trial on the remainder of
19 Plaintiffs' claims, the Court can conserve judicial resources and
20 promote a more efficient resolution of this matter.

21 Accordingly, Plaintiffs' motion for leave to seek
22 reconsideration is granted. Plaintiffs may file a motion for
23 reconsideration of the Court's March 6, 2012 Order, ECF No. 249, **by no**
24 **later than February 1, 2013**. The parties shall abide by the briefing
25 requirements and schedule set forth below.
26 //

ORDER - 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Leave to Seek Reconsideration, **ECF No. 324,** is **GRANTED.**

2. Plaintiffs may file a motion for reconsideration and a supporting memorandum, not to exceed ten (10) pages, **by no later than February 1, 2013.** Defendants' opposition, if any, to such reconsideration may not exceed ten (10) pages and must be filed **by no later than February 15, 2012.** Plaintiffs' reply, if any, may not exceed five (5) pages and must be filed **by no later than February 22, 2012.**

3. The parties shall limit their arguments to the effects of *Acordia II* on the Court's March 6, 2012 Order, and shall not address any other issues.

4. Plaintiffs' Motion for Entry of Partial Final Judgment, **ECF No. 321**, is **HELD IN ABEYANCE** pending the disposition of Plaintiffs' to-be-filed motion for reconsideration.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of January 2013.

                    s/ Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge

Q:\EFS\Civil\2010\34.grant.leave.seek.reconsideration.lc2.docx

ORDER - 4