UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CITY BANK, N.A., and THE PNC FINANCIAL SERVICES GROUP, INC.,<br><br>      Plaintiffs,<br><br>   vs.<br><br>PRIME LENDING, INC., RONALD D. THOMAS, and JOHN DOES 1-20,<br><br>      Defendants. | NO. 10-CV-0034-EFS<br><br>**SECOND AMENDED PROTECTIVE ORDER**[1] |

Before the Court, without oral argument, are the parties' Joint Motion to Amend the Amended Protective Order, ECF No. 354, and related Motion to Expedite, ECF No. 355. On April 16, 2010, the parties filed a joint motion for entry of stipulated protective order. ECF No. 101. The Court granted the joint motion and entered the stipulated protective order. ECF No. 116. On September 24, 2012, the parties moved to amend the terms of the previously-entered Protective Order. ECF No. 316. The Court granted the motion and entered an Amended Protective Order on

---

[1] Consistent with the parties Joint Motion to Amend the Amended Protective Order, ECF No. 354, this Order amends and supersedes the Court's September 27, 2012 Amended Protective Order, ECF No. 320.

SECOND AMENDED PROTECTIVE ORDER ~ 1

September 27, 2012. ECF No. 320. Now, the parties again jointly seek to amend the protective order to clarify the parties' responsibilities with respect to confidential materials at the conclusion of this litigation. ECF No. 354. The Court, having reviewed the pleadings filed in this matter, is fully informed and finds good cause to grant the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion to Amend the Amended Protective Order, **ECF No. 354**, and related Motion to Expedite, **ECF No. 355**, are **GRANTED.**

2. Any material exchanged or obtained in discovery shall be used by the receiving party solely for the prosecution and/or defense of the lawsuit and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purpose, including without limitation, any competitive or business purpose. Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Order.

3. Any party may designate the information it produces as "CONFIDENTIAL" if it believes, in its good faith judgment, that the material contains confidential, sensitive or proprietary information that falls within the foregoing description of CONFIDENTIAL MATERIALS. The party shall make this designation by placing on every document or other material containing such information the legend "CONFIDENTIAL" prior to providing such document or other material or, if such method of designation

```
 1              is not feasible by providing other written notice of such
 2              designation.
 3        4.    In the case of depositions, designation of the portion of the
 4              transcript, including exhibits, which contains "CONFIDENTIAL"
 5              information may be made by a statement to such effect on the
 6              record in the course of the deposition.  All copies of
 7              deposition transcripts that contain material designated as
 8              "CONFIDENTIAL" shall be prominently marked "CONFIDENTIAL" on
 9              the cover thereof.  Additionally, if depositions are conducted
10              that involve "CONFIDENTIAL" information, each party shall have
11              until fifteen (15) days after receipt of the deposition
12              transcript within which to inform the other parties of the
13              portions of the transcript (by specific page and line
14              reference) to be designated "CONFIDENTIAL."  If and when filed
15              with the Clerk, the portions of such transcript marked or
16              designated "CONFIDENTIAL" in accordance with this paragraph
17              shall be filed under seal.
18        5.    A higher level of protection shall be provided for highly
19              sensitive documents, testimony, information, or other materials
20              designated "ATTORNEYS' EYES ONLY."  Access to documents,
21              testimony, information and other materials designated
22              "ATTORNEYS' EYES ONLY" shall be limited to persons listed in
23              paragraphs 8(b)-(f) hereof, except: (i) as set forth in
24              Paragraph 5 hereof; (ii) a party may show its own employees
25              documents it designated as "ATTORNEYS' EYES ONLY"; or (iii) as
26              agreed by the parties in writing (including by email).
```

Documents, testimony, information and other materials designated "ATTORNEYS' EYES ONLY" shall otherwise be subject to the same level and type of protection provided in this Protective Order for "CONFIDENTIAL" information and shall be designated in the same manner as "CONFIDENTIAL" information with the use of the words "ATTORNEYS' EYES ONLY" in place of or in addition to the word "CONFIDENTIAL."

6. Nothing herein shall prevent a party hereto from using documents marked "ATTORNEYS' EYES ONLY" in deposing any present employee of the party which has so marked the documents, or in deposing any past employee of the party which has so marked the documents if the past employee was an author or express recipient of the document during the time he or she was an employee of that party.

7. If, at any time, a party disagrees with the designation of a document or other information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and protected by this Order, the parties must first attempt to resolve the dispute by conferring pursuant to Rule 26. Failure to challenge a designation shall not constitute an admission that such designation is appropriate. If the dispute is not resolved through the conference process, then the designator will have fourteen (14) days to move the Court for protection. As provided in Rule 26(c), the burden of establishing that any information or material should be designated and treated as "CONFIDENTIAL" shall be on the party seeking to uphold the designation. Any disputed document or

information will be treated as protected under this Order unless and until the Court enters an order otherwise, or until the time period for seeking such a ruling expires.

8. Under no circumstances, other than those specifically provided for in this AGREEMENT or subsequent agreement or a court order or with the explicit consent in writing of the producing party with respect to specifically identified CONFIDENTIAL MATERIALS, shall CONFIDENTIAL MATERIALS or their contents in any way whatsoever be revealed, published, disclosed or otherwise made known to persons other than the following:

   a. the parties to this action;
   b. inside and outside counsel for the parties, as well as their employees assisting with this action;
   c. outside photocopying, data processing, graphic production services or other vendors retained by counsel for a Party to assist in this litigation;
   d. experts or consultants retained in good faith to assist counsel in this litigation, but only upon the prior execution of an agreement to be bound by this AGREEMENT in the form attached hereto as Appendix A;
   e. court reporters who record testimony taken in the course of this litigation;
   f. the Court, pursuant to paragraph 9 of this AGREEMENT; and
   g. any deponent or witness to whom counsel for a Party determines in the exercise of judgment reasonably exercised disclosure is necessary for the prosecution or

1           defense of this litigation, including preparation for
2           deposition or other testimony, provided that prior to
3           disclosure, such deponent agrees in writing to be bound
4           by the terms of this Order.
5    9.     Any deposition or portion thereof during which Information
6           designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is being
7           disclosed by any party shall be taken as if in camera without
8           any persons in attendance other than the deposition witness,
9           and those identified in paragraph 8.  The court reporter shall
10          be provided with a copy of this Amended Protective Order.
11   10.    Each person given access to the CONFIDENTIAL MATERIALS pursuant
12          to paragraph 8 of this AGREEMENT shall be advised by counsel
13          for the party giving access that the material or information
14          is subject to the terms of this AGREEMENT and may not be
15          disclosed other than pursuant to the terms thereof.
16   11.    Prior to disclosure of the CONFIDENTIAL MATERIALS to the
17          parties in this action, counsel for the party seeking to make
18          such disclosure shall provide to its client(s) a copy of this
19          AGREEMENT and explain the terms and conditions thereof.
20   12.    Prior to disclosure of CONFIDENTIAL MATERIALS to any of the
21          persons described in paragraph 8(c), (d), and (g) of this
22          AGREEMENT, such persons shall first: (i) read this AGREEMENT;
23          and (ii) sign a copy of the Confidentiality Agreement, attached
24          as Appendix A to the original joint motion for entry of a
25          stipulated protective order, ECF No. 101-1, at 15-17, thereby
26          becoming subject to this AGREEMENT.  Copies of the signed

SECOND AMENDED PROTECTIVE ORDER ~ 6

Confidentiality Agreement are to be retained by counsel for the party making the disclosure.  In addition, upon request, but no later than thirty (30) days following a final resolution of this action, persons described in paragraph 7(c), (d) and (g) of this AGREEMENT must promptly return all CONFIDENTIAL MATERIALS to the producing party.

13. In the event that counsel for any party files with this Court any CONFIDENTIAL MATERIALS or any papers containing or making reference to such material or information, such documents, or the portions of them that contain CONFIDENTIAL MATERIALS, shall be filed in a sealed envelope on which substantially the following statement shall be endorsed:

**FILED UNDER SEAL
CONFIDENTIAL**

**This envelope contains documents that are subject to a Stipulated Agreement Governing Confidential Material entered in this action.**

14. All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon Order of the Court.

15. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this AGREEMENT shall not:

    a. prejudice in any way the rights of a party to object to the future production of documents it considers not subject to discovery;

    b. prejudice in any way the rights of a party to attempt to

SECOND AMENDED PROTECTIVE ORDER ~ 7

           introduce into evidence the CONFIDENTIAL MATERIALS, subject to any and all objections made thereto;

c. prejudice in any way the rights of a party to apply to the Court for a protective order or an in camera inspection relating to any CONFIDENTIAL MATERIALS or other discovery materials; or

d. prejudice in any way the rights of a party to apply to the Court at any time for an order removing a party's confidential designation.

16. This AGREEMENT has no effect upon, and its scope shall not extend to, a party's use of its own CONFIDENTIAL MATERIALS.

17. Counsel for the parties will maintain, for in camera inspection by the Court, copies of all Confidentiality Agreements signed pursuant to the provisions of this AGREEMENT.

18. The inadvertent production of CONFIDENTIAL MATERIALS subject to the attorney-client, work-product or other privilege or doctrine shall not waive any such privilege or doctrine. In addition, the fact that privileged CONFIDENTIAL MATERIALS were inadvertently produced shall not be used in any manner to support a claim of waiver. Upon receiving notice from a party that privileged or otherwise protected CONFIDENTIAL MATERIALS have been inadvertently produced, any person or entity receiving such CONFIDENTIAL MATERIALS shall return them and all copies, and all documents or other material containing all or any portion of information contained in or derived from such CONFIDENTIAL MATERIALS shall be destroyed, within seven (7)

business days to the producing party, unless the receiving party intends to challenge the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine. If the receiving party intends to challenge the producing party's claim(s) the receiving party nevertheless shall treat the CONFIDENTIAL MATERIALS as confidential, subject to this Order, and may not use the CONFIDENTIAL MATERIALS for any purpose other than making a motion to the Court that challenges the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.

19. The inadvertent failure by a Party to designate CONFIDENTIAL MATERIALS as "CONFIDENTIAL" shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party within seven (7) business days from when the failure to designate first became known to the producing party. The party receiving CONFIDENTIAL MATERIALS that the producing party inadvertently failed to designate as "CONFIDENTIAL" shall not be in breach of this Order for any use made of such information before the receiving party is informed of the inadvertent failure to designate pursuant to this Paragraph. Upon receipt of such notice, the receiving party shall immediately take reasonable steps to ensure that any CONFIDENTIAL MATERIALS disclosed to persons or entities not authorized to receive it pursuant to this Order, and all copies thereof, are retrieved and secured as required by this Order, and that the unauthorized persons or entities

SECOND AMENDED PROTECTIVE ORDER ~ 9

provided with such CONFIDENTIAL MATERIALS agree, in writing, to be bound by the provisions of this Order.

20. In the event additional parties to this litigation desire to have access to the CONFIDENTIAL MATERIALS, neither such parties or their counsel or their experts or consultants retained to assist said counsel shall have access to the CONFIDENTIAL MATERIALS until said party or their counsel has executed and filed with the Court a copy of this AGREEMENT, and has served a copy of same on all counsel of record.

21. After the termination of this proceeding, this AGREEMENT shall continue to be binding upon the parties hereto and their successors and assigns, and upon all persons to whom the CONFIDENTIAL MATERIALS has been disclosed or communicated and the parties hereto agree that the Court shall retain jurisdiction over the parties for enforcement of its provisions.

22. Subject to the proviso contained in this Paragraph, upon conclusion of this litigation, all the CONFIDENTIAL MATERIALS and all copies thereof (including copies provided to testifying or consulting experts) received by an opposing party shall either be destroyed by the receiving party or returned by the receiving party to the producing party along with an affidavit of counsel indicating that counsel has made a good faith effort to destroy or return all such CONFIDENTIAL MATERIALS, and believes in good faith that all such copies have been destroyed or returned; provided, that, notwithstanding the foregoing,

outside counsel for each party may retain archival copies of documents filed with the Court that contain CONFIDENTIAL MATERIALS, deposition transcripts and trial or hearing transcripts that contain CONFIDENTIAL MATERIALS, expert reports that contain CONFIDENTIAL MATERIALS, and all other work product that contain CONFIDENTIAL MATERIALS, provided such archival copies are maintained in confidence and will only be shared with that counsel's client: (a) in the event of a future lawsuit between one or more Plaintiffs and one or more Defendants, in which, notwithstanding any other provision of this Order, such CONFIDENTIAL MATERIALS may be used insofar as relevant thereto; or (b) insofar as necessary for a party to respond, in accordance with the procedures set forth in Sections 23 and 24 of this Amended Protective Order, to a subpoena or document request served in another proceeding by a non-party to this litigation. Except as provided above, neither party shall retain a copy in any form of CONFIDENTIAL MATERIALS produced by an opposing party after the termination of this litigation. The treatment accorded CONFIDENTIAL MATERIALS under this Protective Order shall survive the termination of this action.

23. If any party (or their counsel) to this action receives a subpoena or other compulsory process demanding information, documents or materials considered "CONFIDENTIAL" pursuant to this AGREEMENT, the party or counsel receiving the subpoena or other compulsory process shall give written notice of the

subpoena or other compulsory process to counsel for the producing party at least 14 days prior to the return date, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person by facsimile as soon as possible but in no event later than 72 hours prior to the return date.

24. Absent notification in writing that the producing party has taken (or intends to take) action to protect the confidentiality of the requested information, document or material, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date provided it makes clear that such information, documents and material were provided with the understanding that they would be maintained confidentially pursuant to this AGREEMENT.

25. The failure of either party to enforce any provision or provisions of this AGREEMENT shall not be in any way construed as a waiver of any such provision or provisions, nor prevent that party from thereafter enforcing each and every other provision of this AGREEMENT.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  2nd   day of July 2013.

                              s/ Edward F. Shea
                              EDWARD F. SHEA
                 Senior United States District Judge

Q:\EFS\Civil\2010\34.protect.amend2.lc2.wpd